SHEPHERD MONTESSORI CENTER MILAN
v ANN ARBOR CHARTER TOWNSHIP (ON REMAND)

Docket No. 272357. Submitted May 16, 2008, at Lansing. Decided August
    26, 2008, at 9:00 a.m. Leave to appeal sought.

    Shepherd Montessori Center Milan brought an action in the Washtenaw Circuit Court against Ann Arbor Charter Township, a township zoning official, and the township's zoning board of appeals after it was denied a variance to operate a Catholic Montessori school on leased property. The court, Melinda Morris, J., granted the defendants' summary-disposition motion and denied the plaintiff's summary-disposition motion. The Court of Appeals, OWENS and SCHUETTE, JJ. (MURPHY, P.J., concurring in the result only), affirmed in part and reversed in part. With regard to the matters reversed, the Court of Appeals determined that the plaintiff had satisfied one of the jurisdictional requirements to bring an action under 42 USC 2000cc of the Religious Land Use and Institutionalized Persons Act (RLUIPA) and that the plaintiff's use of the property for religious education was a religious exercise protected under RLUIPA. The Court of Appeals remanded the case for the trial court to determine whether the defendants' denial of a variance placed a substantial burden on the plaintiff's religious exercise. The Court of Appeals instructed the parties and the trial court to consider various factors in analyzing the RLUIPA claim, including the actual availability of alternative property, the availability of property suitable for a primary school, and the economic burdens of alternative locations. The Court of Appeals also reversed with regard to the plaintiff's equal-protection claim. 259 Mich App 315 (2003) (*Shepherd I*). On remand, the trial court again granted the defendants' summary-disposition motion and again concluded that the plaintiffs had failed to establish a genuine issue of material fact concerning its equal-protection claim. The plaintiff appealed. The Court of Appeals, SAAD, P.J., and HOEKSTRA and SMOLENSKI, JJ., reversed and remanded for the entry of a judgment in favor of the plaintiff. 275 Mich App 597 (2007) (*Shepherd II*). The Court of Appeals held that the trial court failed to correctly apply the "substantial burden" factors as set forth in *Shepherd I*, that the defendants' denial of the zoning variance imposed a substantial burden on the plaintiff's religious exercise

contrary to RLUIPA and, because the defendants provided no evidence of a compelling governmental interest, the plaintiff was entitled to summary disposition in its favor on the RLUIPA claim. The Court of Appeals also held that the plaintiff was entitled to summary disposition on the equal-protection claim, because the defendants conceded that the plaintiff, a religious entity, and the secular entity that had operated its day-care program on the property where the plaintiff wished to operate its school were similarly situated and had been treated differently and because the defendants failed to present evidence that the denial of the variance request was narrowly tailored to achieve a compelling governmental interest. The Supreme Court, in lieu of granting leave to appeal, vacated the *Shepherd II* opinion and remanded the case to the Court of Appeals for reconsideration in light of *Greater Bible Way Temple of Jackson v City of Jackson*, 478 Mich 373 (2007), specifically instructing the Court of Appeals to reconsider whether the denial of the zoning variance imposed a "substantial burden" on the plaintiff's religious exercise, i.e., whether the denial coerced individuals into acting contrary to their religious beliefs. 480 Mich 1143 (2008).

On remand, the Court of Appeals *held*:

1. As set forth in *Greater Bible Way*, to establish a RLUIPA violation, the plaintiff must show that the denial of the variance request coerces individuals into acting contrary to their religious beliefs. The plaintiff did not make such a showing or show that the property at issue has religious significance or that the plaintiff's faith requires a school at that particular site. The trial court correctly granted summary disposition in favor of the defendants on the RLUIPA claims.

2. The remand order of the Supreme Court did not alter the prior holding of the Court of Appeals in *Shepherd II* that the plaintiff was entitled to summary disposition on the equal-protection claim. The holding of *Shepherd II* must be reaffirmed. In light of the defendants' violation of the plaintiff's right to equal protection, the decision of the zoning board of appeals was contrary to law and the trial court erred in affirming that decision. The matter must be remanded to the trial court for entry of a judgment in favor of the plaintiff and to reverse the denial of the variance request by the zoning board of appeals.

Affirmed in part, reversed in part, and remanded.

*Robert L. Bunting* and *Robert Charles Davis* for the plaintiff.

*Bodman LLP* (by *James J. Walsh, G. Christopher Bernard,* and *Sandra L. Sorini*) for the defendants.

ON REMAND

Before: SAAD, C.J., and HOEKSTRA and SMOLENSKI, JJ.

SAAD, C.J. This case is on remand from our Supreme Court. In *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 259 Mich App 315; 675 NW2d 271 (2003) (*Shepherd I*), this Court reversed the trial court's grant of summary disposition to defendants on plaintiff's claims that defendants' denial of a variance for plaintiff to use property adjacent to its Catholic Montessori day care center to operate a faith-based school violated 42 USC 2000cc of the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the Equal Protection Clause of the United States Constitution, US Const, Am XIV, § 1, and the Michigan Constitution, Const 1963, art 1, § 2. *Id.* at 318-319. This Court remanded the case for consideration of whether defendants' denial of the variance imposed a "substantial burden" on plaintiff's religious exercise and to consider various aspects of feasibility and economic hardship associated with alternative sites for the school. *Id.* at 329-333. On remand, the trial court again granted summary disposition in defendants' favor.

In the second appeal, *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 275 Mich App 597; 739 NW2d 664 (2007) (*Shepherd II*), we ruled that the trial court failed to correctly apply the "substantial burden" factors as set forth in *Shepherd I*, that defendants' denial of the zoning variance imposed a substantial burden on plaintiff's religious exercise contrary to RLUIPA and, because defendants provided no evidence of a compelling governmental in-

terest, plaintiff was entitled to summary disposition on its RLUIPA claim. *Id.* at 609-610. On plaintiff's equal protection claim, we ruled that defendants treated Rainbow Rascals, a secular entity, more favorably than plaintiff, a religious entity. *Id.* at 613-614. Defendants conceded that plaintiff and Rainbow Rascals are similarly situated, and defendants offered no reason to justify its refusal to permit plaintiff to operate its faith-based school in the same space that Rainbow Rascals had operated its day care program. *Id.* For these reasons, and because defendants offered no evidence to show that their denial of plaintiff's variance request was narrowly tailored to achieve a compelling governmental interest, we held that plaintiff is entitled to summary disposition on its equal protection claim. *Id.*

In lieu of granting defendants' application for leave to appeal, the Supreme Court vacated our ruling in *Shepherd II*, and remanded the case for reconsideration in light of *Greater Bible Way Temple of Jackson v City of Jackson*, 478 Mich 373; 733 NW2d 734 (2007), which was decided approximately one month after we decided *Shepherd II*. *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 480 Mich 1143 (2008). Specifically, the Supreme Court instructed us to "reconsider whether the denial of the zoning variance imposed a 'substantial burden' on the plaintiff's religious exercise, i.e., whether the denial of the variance 'coerce[s] individuals into acting contrary to their religious beliefs.' " *Id.*, quoting *Greater Bible Way*, 478 Mich at 401.

In *Greater Bible Way*, the plaintiff church alleged violations under RLUIPA after the city of Jackson denied its request to rezone its property from single-family residential to multiple-family residential. *Greater Bible Way, supra*, 478 Mich at 377-378. The

plaintiff wanted to build an apartment complex across the street from its church. *Id.* at 377. After a bench trial, the court found that the defendants had violated RUILPA and this Court agreed. *Id.* at 378. Our Supreme Court reversed and held that RLUIPA does not apply because a "refusal to rezone the property did not constitute an 'individualized assessment' " under RLU-IPA. *Id.* at 391. Although that ruling was dispositive, the Court proceeded to consider whether any violation of RLUIPA had occurred, "[a]ssuming" that RLUIPA applied. *Id.* at 391. The Court addressed whether the city's refusal to rezone the property constituted a "substantial burden" on the plaintiff's religious exercise:

> [W]e believe that it is clear that a "substantial burden" on one's "religious exercise" exists where there is governmental action that coerces one into acting contrary to one's religious beliefs by way of doing something that one's religion prohibits or refraining from doing something that one's religion requires. That is, a "substantial burden" exists when one is forced to choose between violating a law (or forfeiting an important benefit) and violating one's religious tenets. A mere inconvenience or irritation does not constitute a *"substantial* burden." Similarly, something that simply makes it more difficult in some respect to practice one's religion does not constitute a *"substantial* burden." Rather, a "substantial burden" is something that "coerce[s] individuals into acting contrary to their religious beliefs[.]" [*Id.* at 400-401, quoting *Lyng v Northwest Indian Cemetery Protective Ass'n,* 485 US 439, 450; 108 S Ct 1319; 99 L Ed 2d 534 (1988) (emphasis added).]

The Court ruled that Greater Bible Way Temple failed to establish a substantial burden on its religious exercise:

> The city is not forbidding plaintiff from building an apartment complex; it is simply regulating where that apartment complex can be built. If plaintiff wants to build

an apartment complex, it can do so; it just has to build it on property that is zoned for apartment complexes. If plaintiff wants to use the property for housing, then it can build single-family residences on the property. In other words, in the realm of building apartments, plaintiff has to follow the law like everyone else.

> While [the zoning ordinance] may contribute to the ordinary difficulties associated with location (by any person or entity, religious or nonreligious) in a large city, it does not prohibit plaintiff from providing housing. Whatever specific difficulties [plaintiff church] claims to have encountered, they are the same ones that face all [land users]. The city has not done anything to coerce plaintiff into acting contrary to its religious beliefs, and, thus, it has not substantially burdened plaintiff's exercise of religion. [*Greater Bible Way, supra,* 478 Mich at 401-402 (quotation marks and citations omitted).]

The Court reversed and remanded for entry of judgment in favor of the defendants.

In light of the Supreme Court's interpretation of RLUIPA, we are compelled to reach a similar result. As set forth in *Greater Bible Way, supra,* 478 Mich at 400, to establish a RLUIPA violation, plaintiff must show that the denial of the variance request "coerces" individuals into acting contrary to their religious beliefs. Plaintiff did not show that the denial of the variance forces plaintiff to do something that its religion prohibits, or refrain from doing something that its religion requires. Plaintiff did not allege that the property at issue has religious significance or that plaintiff's faith requires a school at that particular site. *Shepherd I, supra,* 259 Mich App at 332. Rather, the evidence suggests that, notwithstanding substantial evidence of prohibitive cost and a lack of available, suitable space, plaintiff *could* operate its school at another location in the surrounding area, and plaintiff conducted a real estate search toward that end. In other words, plaintiff

may operate a faith-based school, but it must do so on property that is zoned for schools. *Greater Bible Way, supra,* 478 Mich at 401-402. Under the Supreme Court's reasoning, the denial of the variance does not constitute a substantial burden on plaintiff's religious exercise and, therefore, the trial court correctly granted summary disposition to defendants on the RLUIPA claims.

With regard to plaintiff's equal protection claim, the Supreme Court's remand order does not alter our prior holding that plaintiff is entitled to summary disposition. The Supreme Court instructed us to reconsider our judgment in light of *Greater Bible Way,* which did not involve an equal protection claim and, therefore, the legal analysis in that case does not affect our holding. Defendants conceded that plaintiff and Rainbow Rascals were similarly situated, and defendants failed to offer a reason for refusing to permit plaintiff to operate its school in the same space that Rainbow Rascals had operated its day care program. *Shepherd II, supra,* 275 Mich App at 613-614. Further, defendants offered no evidence to show that their denial of plaintiff's variance request was narrowly tailored to achieve a compelling governmental interest. *Id.* at 614. As we explained in *Shepherd II*:

> Evidence established that defendants denied plaintiff a variance to operate an educational program in the same space formerly occupied by the similarly situated Rainbow Rascals, notwithstanding that there would be far fewer children in the school and that it would cause fewer traffic and density problems. Indeed, as clarified at oral argument on appeal, after several years of litigation it is unrebutted that defendants have not offered a reason to plaintiff why it was denied the opportunity to operate its school in the identical space that Rainbow Rascals operated its daycare program. Thus, we hold that defendants have treated a

secular entity more favorably than plaintiff, a religious entity. The burden then shifted to defendants to show that their denial of plaintiff's variance was precisely tailored to achieve a compelling governmental interest, *Shepherd I, supra* at 334, and defendants offered no evidence or argument on this point. Accordingly, the trial court erred when it failed to grant summary disposition to plaintiff. [*Id*. at 613-614.]

Accordingly, though the Supreme Court's holding in *Greater Bible Way* compels us to affirm the trial court's grant of summary disposition to defendants on plaintiff's RLUIPA claim, we reaffirm our holding that the application of the zoning ordinance violated the equal protection guarantee of the United States Constitution. In light of this violation, the decision of the Ann Arbor Charter Township Zoning Board of Appeals "was contrary to law and the trial court erred when it affirmed the [zoning board of appeals] denial of plaintiff's request for a variance." *Shepherd II, supra*, 275 Mich App at 614. Again, therefore, "[w]e remand this case to the trial court to enter judgment in favor of plaintiff and to reverse the [zoning board of appeals] denial of plaintiff's variance request." *Id*. We retain jurisdiction.